UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHAD MICHAEL FREIN,

       Plaintiff,

    v.                                      21-CV-1038-LJV
                                                DECISION & ORDER
NANCY PELOSI,

       Defendant.
_____

On September 20, 2021, the *pro se* plaintiff, Chad Michael Frein, filed a complaint against the Speaker of the United States House of Representatives, Nancy Pelosi, asserting that his civil rights were violated.[1] Docket Item 1. He also asked this Court to order the United States Marshals Service to effect service on the named defendant, Docket Item 2, and to issue additional summonses, Docket Item 7. For the reasons that follow, Frein's complaint is dismissed with prejudice, and the motions for service and issuance of additional summonses are denied as moot.

## **DISCUSSION**

This is the third action that Frein has brought in the Western District of New York seeking to hold several United States Congresspeople, among others, accountable for various "crimes" committed against him. Frein commenced his first action on February

---

[1] Frein also has moved twice to supplement his complaint. Docket Item 5 (sealed motion to submit additional complaint details); Docket Item 6 (redacted version of Docket Item 5); Docket Item 8 (motion to submit additional complaint details). Those motions are granted, and the Court considers the documents contained therein as part of the complaint.

26, 2020, against United States Senator Dianne Feinstein. *Frein v. Feinstein*, 2021 WL 2715799, at *1 (W.D.N.Y. July 1, 2021). He alleged that he contacted Senator Feinstein about California "state employees crimes against[ ] [him]," *id.* (alterations in original), and that she committed "intellectual property theft," *id.* at *2. Frein then filed an amended complaint asserting similar claims against former President Barack Obama, former United States Senator and now Vice President Kamala Harris, and former United States Senator Barbara Boxer. *Id.*

Senator Feinstein moved to dismiss that complaint, and this Court granted her motion finding that it lacked subject matter jurisdiction over certain claims and that the rest failed to state a plausible claim. *Id.* at 2-3. For largely the same reasons, this Court dismissed Frein's claims against the other defendants pursuant to its "inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous." *Id.* at 3 (quoting *Morse v. Network of Al-Queda Att'ys*, 2012 WL 1155821, at *4-5 (E.D.N.Y. Apr. 5, 2012)).

Frein then commenced a second action on March 26, 2021, this time suing United States Senator Chuck Schumer, New York Attorney General Letitia James, City of Buffalo Police Chief Joyce Robert, and Erie County Sheriff Timothy B. Howard "[f]or crimes and bribery." *Frein v. Schumer*, 2021 WL 3087588, at *2 (W.D.N.Y. June 23, 2021). Frein also moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) in his second action. *Id.* at *1. Because this Court granted his motion to proceed *in forma pauperis*, it screened the complaint under 28 U.S.C. § 1915(e)(2). *Id.* After reviewing

the complaint, it dismissed Frein's claims and denied leave to amend because his claims were "implausible." *Id.* at *2.

A few months later, Frein commenced this action against Speaker Pelosi. Docket Item 1. He seeks to remove her from office and to hold her accountable for "aiding insurrection," for "stolen property," and for crimes that include "a burgl[ar]y and [m]urder attemp[]t [b]y California government employees." *Id.* at 1, 4, 5. Frein's supplements to the complaint include several submissions to other Congresspeople—United States Senators Kirsten Gillibrand, Alex Padilla, and Chuck Schumer; and United States Representative Brian Higgins—regarding the same events and the events of the first and second lawsuits. *See* Docket Items 5, 6, and 8.

"A district court has the inherent authority to 'dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.'" *Preacely v. City of New York*, 622 F. App'x 14, 15 (2d Cir. 2015) (quoting *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)). A complaint is frivolous when it "lacks an arguable basis in law or in fact." *Lee v. Hurly*, 2018 WL 10529740, at *3 (W.D.N.Y. Nov. 15, 2018) (citation omitted).

Except for the addition of a new defendant—Speaker Pelosi—the present complaint simply reasserts claims previously dismissed for their pleading deficiencies. Similar to Frein's first suit against Senator Feinstein and others, the thrust of Frein's present complaint is that California government employees committed crimes against him; that he reported those crimes to a United States Congressperson; and that the Congressperson, in some unspecified way, "aided" in the crimes. *Compare* Docket Item 1 at 5, *and* Docket Item 8 at 1, *with Frein v. Feinstein*, 2021 WL 2715799, at *2-3 ("The

thrust of Frein's complaint against Senator Feinstein is that, after various 'crimes' were committed against him by California officials, he contacted her office."). But the introduction of a new Congressperson does not change this Court's conclusion that this Court lacks subject matter jurisdiction over certain claims and that the rest fail to state a plausible claim. Thus, Frein's claims "lack[] an arguable basis in law or in fact." *See Lee*, 2018 WL 10529740, at *3.

In *Frein v. Feinstein*, this Court held that it lacked subject matter jurisdiction over Frein's similar claims against Senator Feinstein because "[t]he harm that Frein allegedly suffered at the hands of [California] officials [was] not 'fairly traceable' to Senator Feinstein."[2] 2021 WL 2715799, at *2-3 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Likewise, that harm is not "fairly traceable" to Speaker Pelosi. *See id.* And, as this Court previously explained, to the extent that Frein is complaining that Speaker Pelosi or her office did not satisfactorily respond after he contacted her, that claim also does not present a cognizable injury sufficient for Article III standing. *Id.*

---

[2] As this Court explained previously explained in *Frein v. Feinstein*, "federal courts are tribunals of limited subject matter jurisdiction." 2021 WL 2715799, at *2 (quoting *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018)). "Article III of the Constitution limits the jurisdiction of federal courts to the resolution of 'cases' and 'controversies.'" *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (citing U.S. Const. art. III, § 2). Part of the case-or-controversy requirement is that a plaintiff must have standing. *Id.* To satisfy the "irreducible constitutional minimum of standing," a plaintiff must show: (1) that he has "suffered an injury in fact—an invasion of a legally protected interest[,] which is (a) concrete and particularized . . . and (b) actual or imminent[] not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant"; and (3) "that it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61(citations and internal quotation marks omitted). Accordingly, to have standing to pursue his claims against Speaker Pelosi, Frein must show that he has suffered an injury that is "fairly traceable" to Speaker Pelosi.

(citing *DeGenes v. Murphy*, 2008 WL 450426, at *3 (W.D. Pa. Feb. 15, 2008), *aff'd*, 289 F. App'x 558 (3d Cir. 2008)).

Frein's claims regarding "stolen property," Docket Item 1 at 1, and for Speaker Pelosi's "us[ing] intel[l]ectual [p]roperty without [his] permission," *id.* at 4, also "lack[] an arguable basis in law or in fact," *see Lee*, 2018 WL 10529740, at *3. Frein brought similar claims against Senator Feinstein, and this Court found that he failed to allege facts sufficient to show intellectual property theft. *Frein v. Feinstein*, 2021 WL 2715799, at *2-3. Likewise, Frein has not alleged facts sufficient to show that Speaker Pelosi stole his intellectual property. *See* Docket Item 1 at 4.

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). But the "liberal rules of pleading in the federal system are not without limits." *Levitch v. Columbia Broadcasting Sys., Inc.,* 94 F.R.D. 292, 295 (S.D.N.Y. 1982), *aff'd,* 697 F.2d 495 (2d Cir. 1983). And leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Frein's previous two complaints were dismissed without leave to amend because any amendment would be "futile." *See Frein v. Feinstein*, 2021 WL 2715799, at *3; *Frein v. Schumer*, 2021 WL 3087588, at *2. So too here. Leave to amend is denied because any amendment would be "futile." *See Cuoco*, 222 F.3d at 112.

Moreover, although the Court declines to impose sanctions on Frein at this time, Frein is advised that "[a] district court may, in its discretion, impose sanctions against

5

litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). In extraordinary circumstances, "such as a demonstrated history of frivolous and vexatious litigation," a court may "prevent a party from filing pleadings, motions[,] or appeals." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987) (citations omitted). And pre-filing injunctions are a permissible exercise of a court's discretion where a pattern of vexatious and abusive litigation has emerged. *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). As explained above, this is Frein's third action alleging similar claims against different Congresspeople. And this is the third time the Court has dismissed his claims with prejudice. Should Frein raise these same claims again in another lawsuit, this Court may order him to show cause why a pre-filing injunction should not be issued.

## CONCLUSION

For the reasons stated above, the Court *sua sponte* dismisses Frein's complaint, Docket Item 1, with prejudice. Frein's motion to effect service, Docket Item 2, and his motion for the issuance of additional summonses, Docket Item 7, are denied as moot. The Clerk of the Court shall close the case.

SO ORDERED.

Dated: April 14, 2022
       Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE