UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHAD M. FREIN,

        Plaintiff,

  v.

NANCY PELOSI,

        Defendant.

21-CV-1038-LJV
DECISION & ORDER

---

CHAD M. FREIN,

        Plaintiff,

  v.

SCOTT STRICKLAND,

        Defendant.

23-CV-262-LJV
DECISION & ORDER

---

CHAD M. FREIN,

        Plaintiff,

  v.

MITT ROMNEY,

        Defendant.

23-CV-268-LJV
DECISION & ORDER

CHAD M. FREIN,

        Plaintiff,

  v.

WES MOORE,

        Defendant.

23-CV-283-LJV
DECISION & ORDER

CHAD M. FREIN,

        Plaintiff,

  v.

BYRON W. BROWN,

        Defendant.

23-CV-284-LJV
DECISION & ORDER

CHAD M. FREIN,

       Plaintiff,

  v.

BARACK HUSSAIN OBAMA,

       Defendant.

23-CV-331-LJV
DECISION & ORDER

| | |
|---|---|
| CHAD M. FREIN, | |
| Plaintiff, | |
| v. | 23-CV-332-LJV<br>DECISION & ORDER |
| UNITED STATES CONGRESS, | |
| Defendant. | |

| | |
|---|---|
| CHAD M. FREIN, | |
| Plaintiff, | |
| v. | 23-CV-360-LJV<br>DECISION & ORDER |
| CALIFORNIA GOVERNOR, | |
| Defendant. | |

| | |
|---|---|
| CHAD M. FREIN, | |
| Plaintiff, | |
| v. | 23-CV-431-LJV<br>DECISION & ORDER |
| ERIE COUNTY MEDICAL CENTER, | |
| Defendant. | |

The *pro se* plaintiff, Chad M. Frein, has commenced eight actions in the Western District of New York in the last two months. *Frein v. Strickland*, 23-cv-262, Docket Item 1 (W.D.N.Y. Mar. 23, 2023); *Frein v. Romney*, 23-cv-268, Docket Item 1 (W.D.N.Y. Mar. 24, 2023); *Frein v. Moore*, 23-cv-283, Docket Item 1 (W.D.N.Y. Mar. 29, 2023); *Frein v.*

3

*Brown*, 23-cv-284, Docket Item 1 (W.D.N.Y. Mar. 29, 2023); *Frein v. Obama*, 23-cv-331, Docket Item 1 (W.D.N.Y. Apr. 12, 2023); *Frein v. U.S. Congress*, 23-cv-332, Docket Item 1 (W.D.N.Y. Apr. 12, 2023); *Frein v. California Governor*, 23-cv-360, Docket Item 1 (W.D.N.Y. Apr. 24, 2023); *Frein v. Erie County Medical Center*, 23-cv-431, Docket Item 1 (W.D.N.Y. May 15, 2023).  In each of those actions, Frein has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it).

Those eight actions are only the most recent of Frein's filings in this Court; he previously filed three other actions, all of which were dismissed.  *See Frein v. Feinstein*, 2021 WL 2715799 (W.D.N.Y. July 1, 2021); *Frein v. Schumer*, 2021 WL 3087588 (W.D.N.Y. June 23, 2021); *Frein v. Pelosi*, 2022 WL 1115455 (W.D.N.Y. Apr. 14, 2022). Frein's allegations in those cases were similar to the claims raised in Frein's eight new actions: that the defendants committed or aided various crimes against Frein or failed to protect him from such crimes.  When this Court dismissed Frein's third action, it warned him that "[s]hould [he] raise th[o]se same claims against in another lawsuit, this Court may order him to show cause why a pre-filing injunction should not be issued." *Pelosi*, 2022 WL 1115455, at *3.

Because Frein meets the statutory requirements of 28 U.S.C. § 1915(a), the Court grants his motions to proceed *in forma pauperis*.  Therefore, under 28 U.S.C. § 1915(e)(2), the Court screens the complaints.  For the following reasons, Frein's complaints are dismissed without leave to amend.  And in light of Frein's filing history, within 30 days of the date of this order he shall show cause why a pre-filing injunction should not be issued against him.

## BACKGROUND

**I.    THE PREVIOUS COMPLAINTS**

This Court already has dismissed three of Frein's actions.

In the first action, Frein alleged that he contacted United States Senator Dianne Feinstein about California "state employees['] crimes against[] [him]" and that Feinstein committed "intellectual property theft." *Feinstein*, 2021 WL 2715799, at *1-2. He then filed an amended complaint asserting similar claims against former President Barack Obama, former United States Senator and now-Vice President Kamala Harris, and former United States Senator Barbara Boxer. *Id.* at *2. This Court dismissed the action for lack of subject matter jurisdiction and because Frein failed to state a claim. *Id.* at *2-3.

In the second action, Frein sued United States Senator Charles E. Schumer, New York Attorney General Letitia James, City of Buffalo Police Chief Robert Joyce, and Erie County Sheriff Timothy B. Howard "[f]or crimes and bribery." *Schumer*, 2021 WL 3087588, at *2. This Court dismissed Frein's complaint and denied him leave to amend because his claims were "implausible." *Id.*

In the third action, Frein sued then-Speaker of the United States House of Representatives Nancy Pelosi, alleging that she "aid[ed] insurrection" and seeking to hold her accountable for crimes allegedly committed by California government employees. *Pelosi*, 2022 WL 1115455, at *2. Frein amended his complaint to add claims against United States Senators Schumer, Kirsten Gillibrand, and Alex Padilla, as well as United States Representative Brian Higgins. *Id.* This Court again dismissed Frein's claims, warning him that if he continued to file complaints making similar

5

allegations, this Court "may order him to show cause why a pre-filing injunction should not be issued."[1]  *Id.* at *2-3.

## II.   THE NEW COMPLAINTS

About a year after this Court dismissed Frein's complaint against Pelosi, Frein filed eight new complaints.

On March 23, 2023, Frein filed a complaint alleging that his former co-worker, Scott Strickland, slandered him and worked with various California government officials to attempt to murder him.  *Strickland*, 23-cv-262, Docket Item 1 at 4.

On March 24, 2023, Frein filed a complaint against United States Senator Mitt Romney, alleging that Romney was involved in a 2008 burglary and a "Mormon insurrection[]" and that he once "accused [Frein] of using drug needles."  *Romney*, 23-cv-268, Docket Item 1 at 4-5.

On March 29, 2023, Frein filed two complaints: the first alleging that Maryland Governor Wes Moore "[s]upport[ed] and aid[ed] insurrectionist[] movement[s]," *Moore*, 23-cv-283, Docket Item 1 at 3-5; and the second alleging that Buffalo Mayor Byron W. Brown "facilitated" a 2008 "insurrection" that led to Frein's torture and that Brown was "personally involved in poisoning" Frein, *Brown*, 23-cv-284, Docket Item 1 at 4-5.

---

[1] Frein appealed this Court's order dismissing his complaint against Pelosi, and on March 16, 2023, the Second Circuit affirmed this Court's order.  *Frein v. Pelosi*, 2023 WL 2530453, at *1-2 (2d Cir. Mar. 16, 2023) ("We agree with the district court that Frein's complaint . . . did not allege any facts that even arguably support any legal claim against defendant Pelosi.").  Shortly after he filed his notice of appeal in that case, Frein filed a letter that this Court construes as a motion for reconsideration and a motion to amend his complaint.  *Frein v. Pelosi*, 21-cv-1038, Docket Item 14 (W.D.N.Y. May 11, 2022).  That motion is denied for the same reasons that Frein's current actions are dismissed.  *See infra* at 7-12.

6

On April 12, 2023, Frein filed two more complaints: the first alleging former President Barack Obama's involvement in an insurrection, a home burglary, and intellectual property theft, *Obama*, 23-cv-331, Docket Item 1 at 3-5; and the second making various allegations against the "United States Congress," *U.S. Congress*, 23-cv-332, Docket Item 1 at 4, 9-33 (referencing, among other things, an insurrection, an attempted murder, and intellectual property theft).

On April 24, 2023, Frein filed a complaint against California Governor Gavin Newsom, alleging that Newsom failed to protect him from various crimes committed against him. *California Governor*, 23-cv-360, Docket Item 1 at 7.

Finally, on May 15, 2023, Frein filed a complaint against the Erie County Medical Center ("ECMC"), alleging that in February 2022, doctors at ECMC falsified his medical records, forced him to take drugs, and "poisoned" him with "chemical weapons . . . in the hospital food." *ECMC*, 23-cv-431, Docket Item 1 at 4-5.

## DISCUSSION

### I.  SCREENING THE CURRENT ACTIONS

Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2).  "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion

7

or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

Frein's complaints are frivolous. Based on his allegations, it seems that he believes that an "insurrectionist" group of government officials based in California has been targeting him for decades.[2] According to Frein, that group has attempted to

---

[2] *See, e.g.*, *Obama*, 23-cv-331, Docket Item 1 at 5 ("[T]he federal government employee outlaws insurrectionists group from the Aliso Viejo California federal building I believe has been tricking government leadership and law enforcement in every state I've tried seeking refuge in . . ."); *U.S. Congress*, 23-cv-332, Docket Item 1 at 15 ("The insurrectionist[] campaign is growing and I have no way to stop several types of attacks . . ."); *see also Romney*, 23-cv-268, Docket Item 1 at 5 ("I need the city I'm living in, now controlled by the Mormon insurrectionists . . ."); *Moore*, 23-cv-283, Docket Item 1 at 3 (alleging that Moore supported and aided "insurrectionist[] movement[s]"); *Brown*, 23-cv-284, Docket Item 1 at 4 ("I do not know his exact reasons but Brown has facilitated the 2008 thieves insurrection in murdering and torturing me."); *ECMC*, 23-cv-431, Docket Item 1 at 5-6 ("[I] ha[ve] these problems because of government corruption thieves insurrection . . .").

8

murder him,[3] illegally surveilled him,[4] burgled his mother's home to steal his intellectual property,[5] and attacked him with lasers.[6] And Frein believes that the defendants are either part of the insurrectionist group or have an obligation to protect him from the group.

---

[3] *See, e.g.*, *Strickland*, 23-cv-262, Docket Item 1 at 4 (alleging that Strickland worked with "Mission Viejo CA [M]ayor Frank Ury [and] Orange County CA sheriff . . . and other business contacts levying insurrectionist[] groups to repeatedly attempt murder"); *Obama*, 23-cv-331, Docket Item 1 at 3 (alleging that government officials "subjected me to cruelty and torture [by] trying to murder me"); *ECMC*, 23-cv-431, Docket Item 1 at 5 ("I was absolutely terr[or]ized because I have people trying to murder me . . .").

[4] *See, e.g.*, *Strickland*, 23-cv-262, Docket Item 1 at 4 ("[M]y telephone was under illegal telephone surveillance."); *Romney*, 23-cv-268, Docket Item 1 at 4 ("[I]llegal telephone surveillance was used to [] [c]ollect information from my communications . . ."); *see also U.S. Congress*, 23-cv-332, Docket Item 1 at 11 ("My mother['s] home landline telephone was under illegal telephone surveillance . . .").

[5] *See, e.g.*, *U.S. Congress*, 23-cv-332, Docket Item 1 at 5 ("I also need to explain that the [D]epartment of Justice criminals organization that inadvertently burglarized [m]y mother['s] home of intellectual property during 2008 . . ."); *see also Strickland*, 23-cv-262, Docket Item 1 at 4 ("[F]ollowing [the] 2008 burglary intellectual property thefts I was not only being stalked and hunted all over California [b]ut also all over the [c]ountry."); *Romney*, 23-cv-268, Docket Item 1 at 4 ("Jeff Brinkerhaff had Mitt Romney at his house 2 doors down from my [m]other['s] home, prior to the 2008 burglary . . ."); *Moore*, 23-cv-283, Docket Item 1 at 3 (alleging that Moore was "involved in consp[iracy] and collusion with the 2008 burglary ring"); *ECMC*, 23-cv-431 ("I was forced to take drugs because of falsifying testimony to help criminals steal intellectual property . . .").

[6] *See, e.g.*, *Strickland*, 23-cv-262, Docket Item 1 at 4 ("I've been attacked with a type of laser assault weapons technology . . ."); *Romney*, 23-cv-268 ("I'm being constantly subjected to cruel[] [and] unusual treatment using a secret technology using non visible light frequencies . . ."); *Obama*, 23-cv-331, Docket Item 1 at 5 ("My brain has been permanently injured for life using laser assault weapons . . ."); *Brown*, 23-cv-284, Docket Item 1 at 4 ("[P]art of my brain was damaged with laser weapons . . ."); *see also U.S. Congress*, 23-cv-332, Docket Item 1 at 5 ("My life has been permanently destroyed ongoing since 2005 including recently I believe murdering my [f]ather using these same laser assault weapons . . .").

Using the words of the Second Circuit, those allegations are "fanciful, fantastic[,] [and] delusional."  See *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (citation and internal quotation marks omitted) (affirming dismissal of claim "that the most senior members of the United States government conspired to commit acts of terrorism against the United States" on September 11, 2001).  And many courts have dismissed comparable claims.  See, e.g., *Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (affirming *sua sponte* dismissal of complaint alleging that plaintiff was "the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *James v. Bush*, 574 F. App'x 20, 21 (2d Cir. 2014) (summary order) ("[The plaintiff's] claim that a former President personally ordered the murder of an individual appears to be the product of delusion or fantasy."); *Annis v. Vt. Prosecutors*, 568 F. App'x 9, 9 (2d Cir. 2014) (summary order) (affirming dismissal of "complaint about defendants' failure to prosecute persons tracking [the plaintiff's] thoughts through a mind-reading device"); *Pacheco v. N.S.A.*, 2021 WL 25373, at *2 (E.D.N.Y. Jan. 1, 2021) (dismissing claims that several federal agencies caused "electronic harassment" of plaintiff, resulting in "voices in his head that convince him to frame himself for crimes"); *Sowell v. Jeffries*, 2018 WL 10879389, at *1 (E.D.N.Y. June 13, 2018) (dismissing claims "that [the plaintiff's] personal computer, cellphone[,] and car were hacked and that Congressman [Hakeem] Jeffries failed to take action when she complained to him").

Frein's complaints against Strickland,[7] Romney, Moore, Brown, Obama, the United States Congress, Newsom, and ECMC[8] therefore are dismissed because they raise only frivolous claims. *See* 28 U.S.C. § 1915(e)(2). And they are dismissed

---

[7] It seems that the only individual defendant who Frein knows personally is Strickland, his former co-worker. Therefore, out of an abundance of caution, this Court addresses Frein's allegations raised in his complaint against Strickland in greater depth.

Frein alleges that Strickland worked with government officials and "criminal gangs" to "repeatedly attempt [to] murder" him. *Strickland*, 23-cv-262, Docket Item 1 at 4. He also alleges that—with the help of "a criminal network involving Mexican Mafi [sic]"—Strickland "destroy[ed] [Frein's] career" "within weeks of [Strickland's] being hired at the [c]ompany [they] worked at together" by "spread[ing] all kinds of rumors about [Frein]," including that he abuses drugs. *Id.*

Frein's complaint against Strickland also makes allegations common to his other complaints: that Frein has been illegally surveilled; that in 2008, some person or group committed burglary and stole his intellectual property; and that he has been attacked with lasers. *Id.* But he does not allege Strickland's involvement in those events; at the most, he suggests proximity—but not causation—between the start of the laser attacks and Strickland's "sabotage[]" of his career. *See id.* ("I've been attacked with a type of laser assault weapons technology ongoing since the day before my career was sabotaged by [Strickland] . . .").

Regardless, based on the complaint, Frein's allegations against Strickland are no less frivolous than his allegations against the other defendants.

[8] This Court also separately addresses Frein's allegations raised in his latest complaint against ECMC. In that complaint, Frein alleges that ECMC doctors falsified his medical records and forced him to take drugs. *ECMC*, 23-cv-431, Docket Item 1 at 4. But it seems that Frein believes the doctors who treated him were part of the larger conspiracy against him. For example, he alleges that he was poisoned with "chemical weapons" while receiving treatment at ECMC. *Id.* The remainder of Frein's complaint against ECMC retreads familiar ground: it alleges that there is a "government employee thieves organization" attempting to murder Frein and committing other crimes against him, including intellectual property theft. *Id.* at 4-5. And now Frein suggests that women in this Court's chambers and the United States Marshal are involved in the conspiracy. *Id.* at 5 ("No one cares everyone is in trouble to a felony or capital criminals cases to facilitate murder conspiracy which even involved the United States Marshal and women in [this Court's] chambers [sic] . . ."). In sum, like his other complaints, Frein's complaint against ECMC raises only frivolous allegations.

11

without leave to amend because amendment would be "futile."  See *Cuoco*, 222 F.3d at

112.

## II.     PRE-FILING INJUNCTION

This Court previously warned Frein that it would consider issuing a pre-filing

injunction against him if he continued to file complaints raising similar claims against

public figures.  *Pelosi*, 2022 WL 1115455, at *3.

"A district court may, in its discretion, impose sanctions against litigants who

abuse the judicial process."  *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir.

1996).  In extraordinary circumstances, "such as a demonstrated history of frivolous and

vexatious litigation," a court may "prevent a party from filing pleadings, motions[,] or

appeals."  *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987)

(citations omitted).  And pre-filing injunctions are a permissible exercise of a court's

discretion to remedy a pattern of vexatious and abusive litigation.  *In re Martin-Trigona*,

737 F.2d 1254, 1262 (2d Cir. 1984).

> [T]he Second Circuit Court of Appeals has enumerated five factors to be considered in restricting a litigant's access to the court system: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing[,] or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

*Humphrey v. IRS*, 2022 WL 1497980, at *3 (W.D.N.Y. May 2, 2022) (quoting *Iwachiw v.*

*N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)).

It seems from the face of Frein's complaints that those factors weigh in favor of

imposing a pre-filing injunction against him.  First, Frein's complaints largely are

duplicative: they focus on the alleged crimes of a government "insurrectionist" group. *See supra* at 8-9; *see also Pelosi*, 2022 WL 1115455, at *2 ("Except for the addition of a new defendant[,] . . . the present complaint simply reasserts claims previously dismissed for their pleading deficiencies.  Similar to Frein's first suit against Senator Feinstein and others, the thrust of Frein's present complaint is that California government employees committed crimes against him; that he reported those crimes to a United States Congressperson; and that the Congressperson, in some unspecified way, 'aided' in the crimes.").  Second, because his allegations are frivolous, Frein does not have an objective good faith expectation of prevailing in his lawsuits.  *See supra* at 7-12.  Third, Frein's numerous lawsuits have resulted in an unnecessary burden on this Court: Frein has commenced eight actions in a span of two months and, because he has moved to proceed *in forma pauperis*, this Court has been required to screen each of those actions.  *See* 28 U.S.C. § 1915(e).  Finally, Frein is not represented by counsel, and in light of Frein's *in forma pauperis* status, this Court cannot conceive of a lesser sanction that would be adequate.

But this Court does not take the issuance of such an injunction lightly, and it therefore will give Frein an opportunity to address those factors and explain why this Court should not issue an injunction requiring him to obtain the Court's permission to commence further actions unless he pays the filing fee.  Accordingly, **within 30 days of the date of this order**, Frein shall show cause why this Court should not impose a pre-filing injunction against him.  If he fails to do so, this Court will issue a pre-filing injunction requiring Frein to obtain the Court's permission to commence further actions unless he pays the filing fee.

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that Frein's motions to proceed *in forma pauperis*, *Strickland*, 23-cv-262, Docket Item 2; *Romney*, 23-cv-268, Docket Item 2; *Moore*, 23-cv-283, Docket Item 2; *Brown*, 23-cv-284, Docket Item 2; *Obama*, 23-cv-331, Docket Item 2; *U.S. Congress*, 23-cv-332, Docket Item 2; *California Governor*, 23-cv-360, Docket Item 2; *ECMC*, 23-cv-431, Docket Item 2, are GRANTED; and it is further

ORDERED that Frein's complaints, *Strickland*, 23-cv-262, Docket Item 1; *Romney*, 23-cv-268, Docket Item 1; *Moore*, 23-cv-283, Docket Item 1; *Brown*, 23-cv-284, Docket Item 1; *Obama*, 23-cv-331, Docket Item 1; *U.S. Congress*, 23-cv-332, Docket Item 1; *California Governor*, 23-cv-360, Docket Item 1; *ECMC*, 23-cv-431, Docket Item 1, are dismissed and the Clerk of the Court shall close those cases.  This Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Frein's motion for reconsideration and to amend his complaint against Pelosi, *Pelosi*, 21-cv-1038, Docket Item 14, is DENIED; and it is further

ORDERED that **within 30 days of the date of this order**, Frein shall show cause why this Court should not impose a pre-filing injunction against him.  If he fails to

do so, this Court will issue a pre-filing injunction requiring Frein to obtain the Court's permission to commence further actions unless he pays the filing fee.

SO ORDERED.

Dated: May 16, 2023
       Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE